UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DUANE J. SALMEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-218-CCS |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 19]. Now before the Court is the Plaintiff's Motion for Judgment on the Administrative Record and Memorandum in Support [Docs. 13 & 14] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 15 & 16]. Duane J. Salmen ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). For the reasons that follow, the Court will **DENY** the Plaintiff's motion, and **GRANT** the Commissioner's motion.

## I. PROCEDURAL HISTORY

On May 21, 2012, the Plaintiff filed an application for disability insurance benefits ("DIB"), claiming a period of disability which began December 27, 2011. [Tr. 60, 147-49]. After his application was denied initially and upon reconsideration, the Plaintiff requested a hearing.

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

[Tr. 103]. A hearing was held before the ALJ on May 6, 2014 [Tr. 29-58], and on July 25, 2014, the ALJ found that the Plaintiff was not "disabled" [Tr. 13-28]. The Appeals Council denied the Plaintiff's request for review [Tr. 1-6]; thus, the ALJ's decision became the final decision of the Commissioner.

Having exhausted his administrative remedies, the Plaintiff filed a Complaint with this Court on May 4, 2016, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.     ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2017.
>
> 2. The claimant has not engaged in substantial gainful activity since December 27, 2011, the alleged onset date (20 CFR 404.1457 *et seq.*).
>
> 3. The claimant has the following severe impairments: neck disorder, status post repair of two hernias, left hip disorder, back disorder, diabetes mellitus, and obesity (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant must avoid all climbing of ladders, ropes, and scaffolds and is able occasionally to climb ramps and stairs; balance; stoop; kneel; crouch; and crawl. He should avoid working in high, exposed places. He is able to frequently reach with both upper extremities.
>
> 6. The claimant is capable of performing past work as product

> manager, sedentary skilled (DOT 163.167-018) and rental car clerk, light, semiskilled (DOT 295.467-026). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from December 27, 2011, through the date of this decision (20 CFR 404.1520(f)).

[Tr. 18-24].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the

Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

**IV.    ANALYSIS**

This case involves an application for DIB. An individual qualifies for DIB if he or she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); *see* 20 C.F.R. § 404.1505(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is

4

> presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at the first four steps. *Id.* The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

On appeal, the Plaintiff alleges that the ALJ committed several errors. First, the Plaintiff contends that the ALJ failed to properly consider all of the Plaintiff's severe impairments at step two. [Doc. 14 at 5-6]. Second, the Plaintiff submits that the ALJ's RFC determination is not supported by substantial evidence because the ALJ did not properly weigh the opinion of the Plaintiff's treating physician, Kevin Campbell, M.D., consider the limiting effects of the Plaintiff's obesity, or perform a function-by-function analysis of the Plaintiff's ability to do work-related activities. [*Id.* at 7-13]. Finally, the Plaintiff maintains that substantial evidence does not support the ALJ's finding that the Plaintiff has past relevant work as a rental car clerk or a product manager [*Id.* at 11-12]. The Court will address the Plaintiff's allegations of error in turn.

### A. Step Two – Severe Impairments

The Plaintiff complains that he has additional severe impairments beyond those accounted for by the ALJ at step two, including cervical spondylosis, cervical degenerative disc diseases, cervical stenosis, cervical radiculitis, and diabetic neuropathy. [Doc. 14 at 5-6]. In the disability

decision, the ALJ found that the Plaintiff had severe impairments consisting of "neck disorder, status post repair of two hernias, left hip disorder, back disorder, diabetes mellitus, and obesity." [Tr. 18].

At step two, "the ALJ must find that the claimant has a severe impairment or impairments" to be found disabled. *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88 (6th Cir. 1985). To be severe, an impairment or combination of impairments must "significantly limit[] your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Step two has been described as "a *de minimis* hurdle," *Higgs v. Brown*, 880 F.2d 860, 862 (6th Cir. 1988), and serves to screen out groundless claims, *Farris*, 773 F.2d at 89. It is well settled that the ALJ's failure to identify some impairments as "severe" is harmless where the ALJ continues the disability determination and considers all impairments, both severe and non-severe as required by 20 C.F.R. § 404.1545(e), at subsequent steps. *See Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007) ("And when an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two '[does] not constitute reversible error.'") (quoting *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987)); *Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003) ("Because the ALJ found that Pompa had a severe impairment at step two of the analysis, the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence.").

As an initial matter, the Court is not convinced that the Plaintiff's severe impairment of "neck disorder" does not encompass the more specific diagnosis of cervical spondylosis, cervical degenerative disc diseases, cervical stenosis, or cervical radiculitis. The Plaintiff does not offer any evidence to the contrary other than his argument that cervical radiculitis is distinct and separate

6

from a "neck disorder" because the Plaintiff experienced radiating pain. [Doc. 14 at 6]. However, courts have recognized generic or broad terminology to encompass more specific diagnoses. *See e.g., Waters v. Comm'r of Soc. Sec.*, No. CIV.A. 10-14927, 2012 WL 511998, at *6 (E.D. Mich. Jan. 5, 2012) ("[W]hile the ALJ did not include the term 'lumbar back condition' in her Step Two findings, she found the 'history of gunshot wound,' thereby acknowledging Plaintiff's claim that alleged bullet fragments (allegedly causing back pain) created a work-related limitation."), *adopted by*, No. 10-14927, 2012 WL 512021, at *1 (E.D. Mich. Feb. 16, 2012); *Williams v. Comm'r of Soc. Sec.*, No. CIV.A. 10-14149, 2011 WL 6217418, at *7 (E.D. Mich. Nov. 4, 2011) ("Finally, the ALJ's recognition of a 'discogenic degenerative disorder of the back' as a severe impairment at step two seems to encompass Plaintiff's cervical facet syndrome."), *adopted by*, No. 10-14149, 2011 WL 6217074 (E.D. Mich. Dec. 14, 2011).

Furthermore, to the extent that the additional neck impairments complained of by the Plaintiff constitute separate and distinct impairments from "neck disorder," the Plaintiff has not set forth any evidence demonstrating that the impairments significantly limit his ability to perform work-related activities. A diagnosis alone says nothing about the severity of a condition. *Higgs*, 880 F.2d at 863.

Regardless, the Court finds that any error would be harmless because the ALJ continued the disability determination and considered all of the Plaintiff's impairments. *See Fisk*, 253 F. App'x at 583. The ALJ discussed imagining studies in which cervical disc protrusion, degenerative changes, chorionic cervicogenic spondylitic, and foraminal changes of the cervical spine were noted. [Tr. 22, 519, 523]. In addition, the ALJ considered and assigned "great weight" to the opinions of consultative examiner Raymond Azbell, M.D., who assessed and noted a history of diabetic neuropathy, cervical degenerative disc disease, and neck pain with symptoms of pain

7

radiating to the right arm and elbow [Tr. 371-73], and nonexamining state agency physician Charles Settle, M.D., who noted that the record contained diagnoses of cervical spondylosis, cervical degenerative disc diseases, cervical stenosis, and cervical radiculitis [Tr. 22, 66]. Crediting these physicians' opinions demonstrates that the ALJ fulfilled her obligation that all of the Plaintiff's impairments be considered. *See Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006) (by crediting a medical source's opinion that considered obesity, the ALJ was found to have sufficiently consider the impairment).

Accordingly, the Court finds that the ALJ did not commit reversible error at step two and properly considered all of the Plaintiff's impairments, both severe and non-severe, at subsequent steps of the disability determination.

**B.     RFC**

**1.     Treating Physician Kevin Campbell, M.D.**

The Plaintiff asserts that the ALJ did not properly consider the medical opinion offered by his treating physician, Dr. Campbell. [Doc. 14 at 8-10].

Dr. Campbell completed a form entitled, "Medical Opinion Re: Ability To Do Work-Related Activities (Physical)" on August 7, 2013, wherein Dr. Campbell opined on the impact the Plaintiff's impairments have on his physical capabilities during an eight-hour workday. [Tr. 542-44]. Dr. Campbell opined that due to the Plaintiff's lower back pain and previous hernias, the Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, could stand and walk (with normal breaks) for about two hours, had no limitations in his ability to sit, but must periodically alternate between sitting, standing, or walking every 10 to 15 minutes, must walk around for 15 minutes every half hour, and must be able to shift positions at will. [Tr. 542]. In addition, the Plaintiff could occasionally twist, stoop, and crouch, but he could never climb ladders

or stairs due to back pain. [Tr. 543]. Dr. Campbell concluded that the Plaintiff would be absent from work about two days per month. [Tr. 544].

The ALJ assigned "some weight" to Dr. Campbell's opinion because it was consistent with the ability to perform light work, but gave "little weight" to the Plaintiff's ability to sit/stand/walk at one time and the total amount that the Plaintiff could stand and walk. [Tr. 23]. The ALJ reasoned that the evidence did not support the foregoing requirements and the total amount the Plaintiff could stand and walk appeared to be based on subjective complaints and was not consistent with other medical evidence or the Plaintiff's activities. [*Id.*].

Under the Social Security Act and its implementing regulations, if a treating physician's opinion as to the nature and severity of an impairment is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) is not inconsistent with the other substantial evidence in the case record, it must be given "controlling weight." 20 C.F.R. § 404.1527(c)(2). When an opinion does not garner controlling weight, the appropriate weight to be given to an opinion will be determined based upon the length of treatment, frequency of examination, nature and extent of the treatment relationship, amount of relevant evidence that supports the opinion, the opinion's consistency with the record as a whole, the specialization of the source, and other factors which tend to support or contradict the opinion. § 404.1527(c)(1)-(6).

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must always give "good reasons" for the weight given to a treating source's opinion in the decision. § 404.1527(c)(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to

9

the treating source's medical opinion and the reasons for the weight." Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5 (July 2, 1996). Nonetheless, the ultimate decision of disability rests with the ALJ. 20 C.F.R. § 404.1527(d)(1).

The only error cited by the Plaintiff is that the ALJ failed to weigh Dr. Campbell's limitation regarding absences. [Doc. 14 at 10]. In this regard, the Plaintiff argues that the ALJ failed to mention that Dr. Campbell opined that the Plaintiff would be absent two days per month, nor did she provide any explanation for rejecting this particular limitation. [Docs. 14 at 10 & 17 at 2]. As a result, the Plaintiff submits that the ALJ could not have properly evaluated the opinion. [Doc. 17 at 2].

The Court is not persuaded. "[T]the ALJ was not required to discuss each limitation separately." *Titus v. Astrue*, No. 1:11CV1286, 2012 WL 3113165, at *11 (N.D. Ohio June 12, 2012) (rejecting the plaintiff's argument "that the ALJ committed reversible error because he did not specifically discuss each of the limitations set forth by Dr. Wilson in his assessment."), *adopted by*, No. 1:11CV01286, 2012 WL 3113160, at *1 (N.D. Ohio July 31, 2012). The ALJ must only give "good reason" for the weight assigned to a treating source's opinion, supported by the record, and make clear why the opinion was entitled to the weight assigned. Here, the ALJ explained why "some weight" was given to Dr. Campbell and provided a reasoned explanation for rejecting several of the Plaintiff's sit/stand/walk limitations. The ALJ then adopted the opinions of Dr. Azbell as well as the nonexamining state agency physicians, whose opinions contradict Dr. Campbell's finding that the Plaintiff would be absent from work such that he would be unable to work on a sustained basis. The Court further notes that "an ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x. 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems–*

*Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)). In sum, the Court finds that the ALJ's assignment of weight to Dr. Campbell's opinion is supported by substantial evidence and makes clear to subsequent reviewers the reasons why it was assigned "some weight."

Therefore, the Court finds the Plaintiff's assignment of error is not well-taken.

### 2. Obesity

The Plaintiff maintains that the ALJ did not comply with Social Security Ruling 02-1p for discussing how obesity affects the Plaintiff's ability to work. [Doc. 14 at 7]. In the RFC portion of the disability determination, the ALJ noted that she considered the impact obesity had on the Plaintiff's functional limitations, including the Plaintiff's ability to perform routine movements and necessary physical activity within a work environment. [Tr. 20].

While Social Security Ruling 02-1p, 2002 WL 34686281, at *6 (Sept. 12, 2002), requires an ALJ to take into consideration the effects obesity may have on a disability claimant, "[i]t is a mischaracterization to suggest that Social Security Ruling 02-1p offers any particular procedural mode of analysis for obese disability claimants," *Bledsoe*, 165 F. App'x at 411-12. Here, the ALJ's decision demonstrates that she considered obesity and any effect it may have on the Plaintiff's ability to perform work-related functions. Moreover, as mentioned above, the ALJ credited the opinions of Dr. Azbell and Dr. Settle, both of whom considered the Plaintiff's obesity in assessing the Plaintiff's functional limitations. [Tr. 71, 371-73]; *see Bledsoe*, 165 F. App'x 412. The Plaintiff argues that had the ALJ properly considered the Plaintiff's obesity, "clear limitations would have been included in the RFC" [Doc. 14 at 7], yet fails to identify any limitations that should have been included in, or were not accommodated by, the Plaintiff's RFC.

Therefore, the Court finds that the ALJ properly considered the Plaintiff's obesity and arguments to the contrary are without merit.

### 3. Function-by-Function Assessment

The Plaintiff also contends that the ALJ erred by failing to include a function-by-function assessment in the RFC determination as required by Social Security 96-8p. [Doc. 14 at 10-11].

"Although a function-by-function analysis is desirable, SSR 96–8p does not require ALJs to produce such a detailed statement in writing," as there is a difference "between what an ALJ must consider and what an ALJ must discuss in a written opinion." *Beason v. Comm'r of Soc. Sec.*, 2014 WL 40463380, *13 (E.D. Tenn. 2014) (quoting *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002)). Social Security Ruling 96-8p simply requires that the ALJ consider each function independently, but does not demand that the ALJ provide a narrative discussion in the decision of each function. *Delgado*, 30 F. App'x at 547-48. "[T]he ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Id.* (citation omitted).

The Court finds that the ALJ properly considered the Plaintiff's functions in light of Social Security Ruling 96-8p. The ALJ's RFC determination addressed the Plaintiff's testimony, medical evidence, medial opinions, and the Plaintiff's daily living activities. [Tr. 21-23]. The ALJ's discussion demonstrates that she considered each function separately and supports the ALJ's ultimate conclusion that the Plaintiff has the ability to perform light work with additional exertional limitations. The Plaintiff contends that "it is clear that the ALJ failed to include substantial limitations in the RFC finding correlating to symptoms and limitations which were well-documented in the record." [Doc. 14 at 11]. Again, the Plaintiff fails to identify any limitations that should have been included in his RFC, nor does he cite to any record evidence of

12

symptoms or limitations that are "well-documented." Such blanket assertions without any citation to the record or supporting evidence is insufficient to undermine the ALJ's RFC determination.

Accordingly, the Court finds the Plaintiff's argument in this regard is not-well taken.

### C. Past Relevant Work

The Plaintiff lastly claims that substantial evidence does not support the ALJ's finding that the Plaintiff has past relevant work as a product manager or a rental car clerk.

"A claimant bears the burden of proving she cannot perform her past relevant work either as she performed the job or as the job is generally performed in the national economy." *Ellis v. Astrue*, No. 3:11-CV-535, 2012 WL 5304203, at *5 (E.D. Tenn. Oct. 4, 2012) (internal citations omitted) (citing *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987)). Past work is relevant if three conditions are met: (1) the work was performed at the level of substantial gainful activity, (2) the job was performed long enough for the claimant to learn it, and (3) the job was performed in the past 15 years. 20 C.F.R. § 404.1560(b)(1). "Past work experience must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work." Social Security Ruling 82-62, 1982 WL 31386, at *2 (Jan. 1, 1982). Moreover, "the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job . . . ." *D'Angelo v. Comm'r of Soc. Sec.*, 475 F. Supp.2d 716, 723 (W.D. Mich. 2007).

Here, the ALJ concluded at step four that the Plaintiff had past relevant work as a product manager and rental car clerk. [Tr. 23-24]. The ALJ based her finding on testimony offered by a vocational expert ("VE"). [Tr. 23]. Specifically, the VE classified the Plaintiff's past work, in relevant part, as a product manager and car rental clerk and testified that based upon the Plaintiff's RFC, the Plaintiff could perform the jobs of product manager and car rental clerk as it is generally

13

performed in the national economy. [Tr. 53-54].

The Plaintiff argues that the job of rental car clerk does not qualify as past relevant work because it was performed more than 15 years prior to the ALJ's decision. [Doc. 14 at 11]. The Commissioner does not directly dispute the Plaintiff's position, but instead argues that substantial evidence supports the ALJ's finding that the product manager job is past relevant work, and, therefore, the Plaintiff's argument with regard to the rental car clerk job is inconsequential to the ALJ's denial of benefits. [Doc. 16 at 18 n.1]. The Court agrees with the Plaintiff that the rental car clerk job does not constitute past relevant work since it was performed in 1998 and 1999 [Tr. 177, 194], exceeding the requisite 15 year time period. The Court also agrees with the Commissioner, however, that substantial evidence nonetheless supports the ALJ's step four finding because the Plaintiff's job as a product manager constitutes past relevant work.

In reaching this conclusion, the Court observes that if a claimant is found to be able to do any past work, either as she performed it or as generally performed in the national economy, a finding of "not disabled" is appropriate. Soc. Sec. Rul. 82-61, 1982 WL 31387, at *1-2 (Jan. 1, 1982). Here, the VE's testimony and the Plaintiff's Disability Report, Work History Report, and testimony demonstrate that the Plaintiff performed the job of product manager at the level of substantial gainful activity, it was performed long enough for the Plaintiff to learn it, and it was performed in the past 15 years of the ALJ's decision. [Tr. 37-38, 52-54, 177, 194, 196].

The Plaintiff argues that he "never performed such a job as product manager." [Doc. 14 at 11]. To the contrary, the Plaintiff listed the job of "product manager" in his Disability Report under the "Job History" section [Tr. 177] and likewise listed "product manager" on his Work History Report [Tr. 194, 196]. In addition, the Plaintiff confirmed during his testimony that he worked as a product manager for three years, earning over $1,000.00 a month as reflected in his

14

Disability Report and Work History Report. [Tr. 37]. Moreover, the VE classified the job as a product manager without any objection by the Plaintiff or his counsel. [Tr. 52].

The Plaintiff also contends that the ALJ did not provide any explanation or foundation for finding that the product manager job constitutes past relevant work. [Doc. 14 at 11]. "However, the ALJ may use a [VE's] services in determining whether a claimant can perform his past relevant work," *D'Angelo*, 475 F. Supp.2d at 724 (citing 20 C.F.R. § 404.1560(b)(2)), which is precisely what the ALJ did in this case. [Tr. 23]. Moreover, the Plaintiff has not presented any evidence that would suggest the product manager job was not performed at the level of substantial gainful activity, was not performed long enough for him to learn it, or was not performed within 15 years of the ALJ's decision.

Accordingly, the Court finds that substantial evidence supports the ALJ's determination at step four that the Plaintiff has past relevant work as a product manager.

## V.     CONCLUSION

Based on the foregoing, the Plaintiff's Motion for Judgment on the Administrative Record [**Doc. 13**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 15**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be directed to CLOSE this case.

**ORDER ACCORDINGLY.**

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge
